## Kantra v. Kantra

*Henry L. Snyder*, for libellant.
*Edwin L. Kohler*, for respondent.

HELFRICH, J., November 20, 1944.—Libellant, Ferne M. Kantra, seeks a divorce a. v. m. on the ground of desertion. The parties, libellant, now 23 years of age, and respondent, now 24 years of age, were married on

February 7, 1942, and respondent left his wife on May 10, 1942. Respondent is presently in military service, having entered the Army during the month of July 1942. The divorce proceeding was instituted on June 12, 1944.

Although this proceeding is not contested, and respondent is properly before the court by letter of attorney to counsel, an important detail has been overlooked. The record does not sufficiently inform us whether respondent entered military service voluntarily or by induction. There seems to be a real distinction on this point: 1 Freedman on Marriage and Divorce, §227, p. 572.

On the subject, the master asked one question: "Did he call to see you before he was inducted into the service?" The reply was "No, he didn't." Upon a literal interpretation of this question and answer, libellant's case would fall.

"Compulsory military service effected by means of a draft law should, on principle of policy as well as reason, be excluded in computing the period of desertion. This would apply where the respondent had already initiated a desertion, as well as where the parties were cohabiting or living apart by mutual consent. In all such cases the continued absence of the respondent is not intentional, but is the result of necessity, springing from circumstances personally uncontrollable. The analogy of imprisonment therefore becomes inapplicable. A respondent who is impressed into military service has committed no offense from which, as in imprisonment, the law can deduce a social hostility equivalent to an intent to desert. On the contrary, he must bow to a superior authority, and, of course, in doing so, there can be no anti-social implication. His absence, being under necessity, is free of an intent to desert": Freedman on Marriage and Divorce, supra.

This case is not like Dewell v. Dewell, 69 Pitts. 384, where, upon his release from military service, respond-

ent continued for more than a year, while living close to libellant, to ignore her entirely. The sparse record here reveals that respondent did stop at the store (where libellant was employed) to see her several days before he left, and also that "he did drop a line when he used to go to a new camp".

If respondent voluntarily entered military service, an entirely different situation may exist. For these reasons the case is recommitted to the master.